## Wagner v. Wagner.

*Divorce—Deputization of sheriff of another county—Return of n. e. i. by him invalid—Necessity of return of n. e. i. by sheriff of county in which suit is brought.*

The sheriff of the county in which an action of divorce is brought cannot adopt the return of *n. e. i.* of the sheriff of another county whom he has deputized. He must make such return himself in order to make a valid return after he has made diligent search in his own county and certifies that the respondent cannot be found therein.

Divorce. C. P. Allegheny Co., July T., 1920, No. 883.

*Robert R. Elder*, for libellant.

EVANS, J., April 15, 1921.—The subpœna in this case was issued on May 10, 1920, and the same day the sheriff of this county endorsed upon that subpœna as follows: "I hereby deputize the Sheriff of Beaver County, Penna., to serve the within writ, this 10th day of May, 1920." For a return of the subpœna the Sheriff of Allegheny County returns as follows: "For return of subpœna, see sheriff's return hereto attached, by Sheriff of Beaver County. So answers W. S. Haddock, Sheriff of Allegheny County." Attached to the subpœna is an affidavit of George S. Niver, who makes affidavit that he is deputy for Charles R. Anderson, Sheriff of Beaver County, and that the subpœna was placed in his hands for service, and that he made diligent search and inquiry for the respondent in Midland, Beaver County, Penna., up to and including July 5, 1900, which was the return-day of the writ.

This is not a return of *n. e. i.* of this writ, and the publication of the sheriff's proclamation on the return of *n. e. i.* to an *alias* writ did not amount to a service on the respondent. The fact that the respondent could not be found in Beaver County is not material in a divorce case brought in Allegheny County. In order to make a return of *n. e. i.* effective, that return must be made by the Sheriff of Allegheny County. I cannot see how the Sheriff of Allegheny County could make proof of a diligent search for the respondent in this case, for he did not have possession of the writ from the day it was issued until after the return-day of the writ, so that he could not say that he had made diligent search for the respondent in Allegheny County and that he could not be found. A divorce cannot be granted under the present condition of the record. It is returned in order to give the libellant, if she so desires, an opportunity to complete the service and proceed in the cause.

And now, April 15, 1921, this record is returned to the prothonotary's office, as it is not in proper shape for disposition, there not having been any service upon the respondent.

From Edwin L. Mattern, Pittsburgh, Pa.